### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE: Joseph Ruggiero** | : | CHAPTER 7 |
| | : | |
| Debtor | : | Bankruptcy No. 19-11385-AMC |

| | | |
|---|---|---|
| **Margery Bruck, as Administratrix of the Estates of Evelyn Kraftsow and William Kraftsow**, | : : : | Adversary No.  20-0010-AMC |
| Plaintiff | : : | |
| v. | : : | |
| **Frankford Plating II, Inc. and Joseph Ruggiero**, | : : | |
| Defendants | : | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO THE PETITION OF ALAN B. KANE TO WITHDRAW AS COUNSEL FOR DEFENDANT

Plaintiff-Creditor Margery Bruck, as Administratrix of the Estates of Evelyn Kraftsow and William Krafsow ("Plaintiff"), through counsel, hereby opposes the Petition to Withdraw as Counsel filed by Alan B. Kane, attorney of record for both the Debtor and for Frankford Plating II, Inc. ("Frankford Plating"), a defendant in this adversary action. Her reasons for this Opposition are as follows:

### Background

1. The Debtor in the Chapter 7 case is Joseph Ruggiero, who died on June 5, 2020. The attorney filing the bankruptcy as counsel for the Debtor was Alan B. Kane.

2. Plaintiff is the only unsecured creditor that was listed in the Debtor's Schedules, prepared by Attorney Kane.

3. Defendant Frankford Plating is the only secured creditor listed in the Debtor's Schedules, prepared by Attorney Kane, who also filed the Creditor Claim on behalf of Frankford Plating.

4. The owner of Frankford Plating is Jonathan Barger, the son-in-law of the Debtor.

5. Besides simultaneously representing the Debtor and the purported secured creditor in this Chapter 7 case, Attorney Kane has, at least since 2013, also been the personal attorney of Barger, in the three Chapter 13 bankruptcies he filed for Barger in this Court. The latest of these was just dismissed on September 23, 2020. *See* cases No. 13-18920-jkf; No. 18-14725-jkf; No. 19-10254-amc.

6. In the Petition and Schedules prepared by Attorney Kane, the Debtor listed his residence as being an apartment on the premises of Frankford Plating's business operations, and listed as his only asset a supposed investment property located at 2324 Loney Street, Philadelphia ("the Property").

7. The object of this adversary action is to determine which of the two listed creditors—Plaintiff Margery Bruck or Defendant Frankford Plating—is entitled to the proceeds of the sale of the Property by the Chapter 7 Trustee, which sale has already been agreed to by both parties and approved by this Court. Plaintiff Bruck is seeking to equitably subordinate the claim of Defendant Frankford Plating, on the basis that this claim was the product of a fraud perpetrated by Frankford Plating.

8. Until her death in 1997, Evelyn Kraftsow owned and resided in the Property. Living with her at the time of her death was her adult son, William Kraftsow, who remained in the Property until his own death in 2016.

9. In May and June of 2017, two fraudulent deeds for the Property were filed with the Philadelphia Department of Records: first, a supposedly eight-year old deed from Evelyn Kraftsow to a fictitious person, and then, a second deed, from the fictitious person to the Debtor, Joseph Ruggiero. In addition to the fact that the first of these deeds was purportedly signed by Evelyn Kraftsow years after her death, the notaries purportedly acknowledging both of the deeds have each sworn under oath that they did *not* notarize those deeds and that, on the contrary, their signatures and stamps were forged. *See* Exhibits 2 and 3 to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Amended Complaint (Doc. 30-1).

10. In these fraudulent conveyances, the Debtor effectively functioned as a straw party for his son-in-law, Jonathan Barger, who planned and executed the fraud, using his company, Defendant Frankford Plating. The Debtor never had any legitimate connection to the Property other than his expectation of eventually getting paid something by his son-in-law for the use of his name.

11. After the fraudulent deeds were recorded, Barger and Frankford Plating took possession of the Property, performed some renovations, and proceeded to rent the Property, all without any legal right to do so.

12. On December 29, 2017, *after* the Kraftsow family discovered the existence of the fraudulent deeds, initiated a theft complaint with the Philadelphia Police Department, and commenced a quiet title action against the Debtor, Frankford Plating filed a fraudulent mechanics lien on the Property in the amount of $133,900. Accordingly, Plaintiff amended the quiet title action to add Frankford Plating as a party defendant.

13. Alan B. Kane filed the fraudulent mechanics lien. He also entered his appearance in the quiet title action on behalf of both the Debtor (the record owner of the Property) and Frankford Plating (the purported lienholder), filing a joint Answer on behalf of both defendants.

14. On March 6, 2019—the day before responses were due on cross motions for summary judgment in the state court quiet title action—Attorney Kane filed this chapter 7 case on behalf of the Debtor. The sole purpose of the bankruptcy was to stay the quiet title action and to try to discharge Plaintiff's claims pertaining to the Property. Kane listed no other debts or assets for the Debtor.

15. The bankruptcy filing was arranged and financed by Jonathan Barger, the Debtor's son-in-law and the owner of Frankford Plating. At his Creditor Meeting, the Debtor could not explain the reasons why he had filed bankruptcy; he acknowledged paying nothing for his bankruptcy; and testified that he assumed that all those costs, including any payments to his lawyer, had been paid by Barger, who also drove him to Attorney Kane's office to get the necessary paperwork signed.

16. Thus, like the fraudulent deeds to the Property and the fraudulent mechanics lien, this bankruptcy was itself part of the same ongoing scheme perpetrated by Barger and Frankford Plating, with the assistance of Attorney Kane. In going through the motions as a debtor in bankruptcy, Debtor Ruggiero—who essentially had no debt and no assets besides his bogus claim of title to the Property—was essentially performing a straw function for Barger and Frankford Plating, for whom the bankruptcy was a potential means to sell the Property and obtain the proceeds of such sale.

17. On June 16, 2020, Attorney Kane filed a Suggestion of Death stating that the Debtor died on June 5, 2020. But, as alleged in Plaintiff's Motion under FCRP 25 (a) to

4

Substitute Party (Adv.Doc. 43), Kane has offered no information or assistance regarding the necessary substitution of a personal representative to replace the Debtor as a party defendant.

18. In this Motion, Attorney Kane now seeks leave of this Court to withdraw as counsel for the Debtor in the main bankruptcy case and for both the Debtor and Defendant Frankford Plating in this adversary action, based on his bare allegation that "a conflict of interest has arisen between the Petitioner and the defendant, Frankford Plating, 11, Inc., including its principal, Jonathan Barger, which such scope of the conflict must remain confidential." The Motion provides no information how Attorney Kane would be any more conflicted now than he has been throughout this case.

19. The Motion further states that the requested withdrawal "at this stage of litigation will not harm Frankford Plating II, Inc., as Frankford Plating II, Inc., can retain other counsel." However, for the reasons stated below, granting this Motion in the manner requested—that is, without any substitute attorney entering an appearance for Frankford Plating and without any further obligations being placed on Attorney Kane—would cause prejudice to the Plaintiff.

### Reasons Why the Motion Should Be Denied

20. The one area of agreement between the parties has been that the Property be sold free and clear by the Trustee, with the competing rights to the proceeds being determined by this action. Accordingly, both Plaintiff and Defendants consented to the Trustee's motions for authorization to sell the Property free and clear, which motions this Court granted. *See* Orders of March 12, 2020 (Main Case, Doc. 90) and July 2, 2020 (Main Case, Doc. 105). (There were two motions because, as a result of the coronavirus pandemic, the first sale fell through.)

21. As contemplated by the parties' consent to the sale of the Property free and clear, Plaintiff dismissed with prejudice her quiet title action that had been stayed by this bankruptcy.

5

In contrast, Attorney Kane has yet to withdraw the mechanics lien he filed on behalf of Frankford Plating.

22. Recently, the title company handling the sale of the Property has advised the Trustee that it will not insure title until the mechanics lien is removed. Both the Trustee and Plaintiff have asked Attorney Kane to take care of this cloud on title, but, to date, Kane has not responded to this request.

23. Plaintiff continues to be prejudiced by the continued delays in having this matter finally resolved. To give but one example, she is paying the cost of maintaining insurance on the Property, which neither Attorney Kane nor his various clients involved in this dispute were maintaining themselves.

24. Unless the mechanics lien is removed immediately, the currently pending sale of the property will be at risk of falling through, requiring the Trustee to relist the Property and to file a *third* motion for permission to sell. And, any further agreements of sale will face the same problem caused by a mechanics lien everyone agrees is supposed to be removed. Since Kane is the attorney of record in the mechanics lien proceeding, he is the one who should be dismissing that proceeding, not some unidentified other lawyer who may never materialize.

25. Additional delays in resolving this adversary action will also result from the matter raised in the Plaintiff's pending Motion under FCRP 25 (a) to Substitute Party (Doc. 43), scheduled to be heard the same day as this Motion. Plaintiff respectfully requests that Attorney Kane not be allowed to withdraw until Jonathan Barger, or another member of the Debtor's family, appears and advises the Court of the name of the legal representative for the Debtor's decedent estate who has obtained Letters of Administration.

26. Similar, harmful delays will undoubtedly occur if Attorney Kane is allowed to withdraw without another lawyer entering an appearance. While it is true, as Attorney Kane states, that "Frankford Plating, 11, Inc., can retain other counsel," there is no reason why that retention should not occur *before* Attorney Kane is allowed to withdraw.

27. In any case, because Frankford Plating is a business entity, it cannot represent itself, and for that reason alone, this Motion should be denied until another attorney has entered an appearance.

WHEREFORE, Plaintiff-Creditor Margery Bruck asks this Honorable Court to condition Attorney Kane's withdrawal (a) on his removing the mechanics lien on the Property; (b) on a legal representative for the decedent estate of the Debtor having been appointed; and (c) on substitute entries of appearances being filed both on behalf of the legal representative of the Debtor's estate and Defendant Frankford Plating II, Inc.

Respectfully submitted,

Dated: September 29, 2020    */s/ Irv Ackelsberg*
Irv Ackelsberg
LANGER GROGAN & DIVER, PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
(215) 320-5660

Attorneys for Margery Bruck